IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH TISDALE PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-715-ECM-JTA |
| | ) | |
| KAREN B. WEINTRAUB, Esq., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is *pro se* Plaintiff Deborah Tisdale Preston's Motion For Referral To The Volunteer Attorney and for Appointment of Counsel. (Doc. No. 3.) For the reasons stated below, the motion is due to be denied.

## I. DISCUSSION

A. Motion for Referral to Volunteer Attorney

By separate order, the court has ordered Plaintiff to amend her complaint. The court is confident Plaintiff is capable of following the instructions provided in that order without the assistance of a volunteer from the court's Pro Se Assistance ("PSAP") program. Moreover, "[a]t this time, . . . there are too few volunteers to provide a PSAP attorney to the litigants who request them." *Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-cv-702-RAH-JTA, 2024 WL 3103673, at *3 (M.D. Ala. June 24, 2024). Any insubstantial benefit to assigning Plaintiff a PSAP attorney at this time is significantly outweighed by the concomitant effects on the court's limited volunteer resources and on the PSAP

program's ability to serve the needs of other litigants who otherwise *would* substantially benefit from the program.

Additionally, assigning Plaintiff a PSAP attorney at this time[1] will not significantly aid the court in managing this case or achieving the orderly disposition of this action. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962))).

Consequently, the court will not refer this matter to PSAP.

B. Motion for Appointment of Counsel[2]

It is generally recognized that the appointment of counsel in civil cases is not "'an absolute constitutional right,'" but "'a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require

---

[1] At an appropriate point in this action, the court or the parties may decide mediation will likely assist in the resolution of this case. Mediation is a process for negotiating a settlement of the case. https://www.almd.uscourts.gov/about/mediation-middle-district. "Participation in a mediation with a United States Magistrate Judge of this Court is free of charge." *Id.* In the event the court orders mediation or either of the parties request it, Plaintiff may at that time request assignment of a PSAP volunteer to assist with preparation for the mediation proceedings.

[2] Plaintiff paid the filing fee and, consequently, is not entitled to appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

the assistance of a trained practitioner.'" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Here, the court finds the issues raised in the complaint are not novel or unduly complex. Nor has Plaintiff presented any exceptional circumstances that might justify the appointment of counsel. Therefore, the court will not appoint counsel to represent Plaintiff in this action.

## II. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion for referral to volunteer attorney is DENIED.

2. Plaintiff's motion for appointment of counsel is DENIED.

DONE this 29th day of September, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE